UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Filed Electronically*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JAN 0 6 2011

BROOKLYN OFFICE

-------------------------------------------------------------X

NIDIA Y. CASTRO-GONZALEZ,

             Plaintiff,

      -against-

# CV 11-0095

(Supreme Court, Kings County)

Index No.: 1407/10
**NOTICE OF FILING OF
NOTICE OF REMOVAL**

NO SUMMONS ISSUED

JOHNSON,

GEOVANNY MATAVEGA and WARRIOR
CORPORATION,

          Defendants.

LEVY, M.J.

-------------------------------------------------------------X

      PLEASE TAKE NOTICE that the attached Notice of Removal of this action from

the Supreme Court of the State of New York, County of Kings, to the United States

District Court for the Eastern District of New York, was duly filed on January 5, 2011 in

the United States District Court for the Eastern District of New York pursuant to 28

U.S.C. § 1441 and 28 U.S.C. § 1391(a)(2).

Dated:  New York, New York
       January 5, 2011

                  Yours, etc.,

                  **GALVANO & XANTHAKIS, P.C.**
                  Attorneys for Defendants
                  150 Broadway, Suite 2100
                  New York, N.Y. 10038
                  (212) 349-5150

                  By: Craig A. Lamster (1195)

TO:    Costas M. Eliades, Esq.
Law Offices of Costas M. Eliades, P.C.
Attorney For Plaintiff
Nidia Y. Castro-Gonzalez
405 Lexington Avenue, 26th Floor
New York, NY 10174
(212) 947-7077

UNITED STATES DISTRICT COURT          *Filed Electronically*

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

NIDIA Y. CASTRO-GONZALEZ,

           Plaintiff,

       -against-                             (Supreme Court, Kings County)

                                                Index No.: 1407/10

                                                **RULE 7.1**

GEOVANNY MATAVEGA and WARRIOR
CORPORATION,

           Defendants.

-----------------------------------------------------------X

        PURSUANT TO RULE 7.1 FRCP AND TO ENABLE JUDGES AND

MAGISTRATE JUDGES OF THE COURT TO EVALUATE POSSIBLE

DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR THE

DEFENDANTS CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS,

AFFILIATES AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY

HELD AND WHICH HOLD 10% OR MORE OF ITS STOCK.  NONE

Dated:  New York, New York
           January 5, 2011

                                    Yours, Etc.

                                    **GALVANO & XANTHAKIS, P.C.**

                 By:                                          

                                    Craig A. Lamster, Esq. (1195)
                                    Attorney for Defendants
                                    150 Broadway, Suite 2100
                                    New York, New York 10038
                                    (212) 349-5150
                                    Our File No.: 6257-D

UNITED STATES DISTRICT COURT                     *Filed Electronically*
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NIDIA Y. CASTRO-GONZALEZ,

                    Plaintiff,

          -against-                              (Supreme Court, Kings County)

                                                 Index No.: 1407/10

                                                 **NOTICE OF REMOVAL**


GEOVANNY MATAVEGA and WARRIOR
CORPORATION,

                    Defendants.
-------------------------------------------------------------X

          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1441, defendants,

GEOVANNY MATAVEGA and WARRIOR CORPORATION hereby removes the above-

captioned action from the Supreme Court of the State of New York, Kings County, to the

United States District Court for the Eastern District of New York.  Defendants appears for

the purpose of removal only and for no other purpose and reserve all defenses available to

them.

Defendants allege as follows:

          1. Plaintiff has purported to commence the above-captioned action against the

defendants in the Supreme Court of the State of New York, Kings County. Defendant,

GEOVANNY MATAVEGA received a copy of the summons and complaint sometime

in January of 2010. (Copy of summons and complaint attached as Exhibit A). Defendant,

WARRIOR CORPORATION was served via substituted service upon its insurance

carrier, ARI Insurance.  An answer was interposed to the complaint on June 9, 2010.

(Copy of Answer attached as Exhibit B). That said action is now pending in the Supreme Court of the State of New York, Kings County.

2. That this Notice is being filed within thirty (30) days after the receipt of such documents wherein defendants have been advised that the damages are in excess of $75,000 and diversity exists pursuant to 28 U.S.C. 1446 (b). Specifically, plaintiff provided a Verified Bill of Particulars claiming special damages of $90,000.00. (Copy of Verified Bill of Particulars attached as Exhibit C, See paragraph 22). This was the defendants' first notice that the amount in controversy exceeded $75,000.00.

3. The summons, complaint, answer and Bill of Particulars constitutes all process and pleadings in the state court action to date. (See Exhibits A, B and C).

4. Upon information and belief and as alleged in the Summons and Verified Complaint, plaintiff is a citizen of the State of New York.

5. Defendants at the commencement of the above-captioned action are citizens of the State of New Jersey. Defendant, GEOVANNY MATAVEGA resides at 868 Sampson Street Garfield, N.J. 07026. Defendant, WARRIOR CORPORATION resides at 69-01 Polk Street West New York, N.J. 07093. The address for GEOVANNY MATAVEGA is listed on the plaintiff's summons for service of process. (See Exhibit A)

6. The above-captioned action, therefore, is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by the defendant herein pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action in which the matter in controversy is believed to exceed the sum of $75,000, exclusive of interest and costs, and are between citizens of different states.

7. Defendants will promptly file a copy of this Notice in the Supreme Court of the

State of New York for the County of Kings, and will serve a copy of this Notice on counsel

for plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, defendants respectfully request that the above-captioned action

now pending against it in the Supreme Court of the State of New York for the County of

Kings be removed from there to this Court.


Dated: New York, New York
       January 5, 2011



                                                    Yours, Etc.
                                                    **GALVANO & XANTHAKIS, P.C.**

                                          By:       _____
                                                    Craig A. Lamster, Esq. (1195)
                                                    Attorney for Defendants
                                                    150 Broadway, Suite 2100
                                                    New York, New York 10038
                                                    (212) 349-5150
                                                    Our File No.: 6257-D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------x

NIDIA Y. CASTRO-GONZALEZ,

                              Plaintiff(s),

                 -against-

GEOVANNY MATAVEGA and WARRIOR CORPORATION,

                              Defendant(s).

-------------------------------------------------------------------x

Index No.: *140 7/10*

Date Filed: *1-15-10*

**SUMMONS**

Plaintiff designates
**KINGS** County
as the place of trial.

Action brought pursuant
to Section 253 of NY
Vehicle & Traffic Law
(Nonresident Motorist
Statute) and basis of
Venue is the County
where the accident
occurred and County
designated by Plaintiff:
**KINGS** County

*BY ARI INSURANCE COMPANY*
*(DEFT INSURANCE CARRIER)*
*133 FRANKLIN CORNER ROAD*
*LAWRENCEVILLE NJ 08648-0757*

**To the above named Defendants:**

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York). In case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: New York, New York
       January 14, 2010

                              LAW OFFICES OF COSTAS M. ELIADES, P.C.
                              Attorneys for Plaintiff
                              NIDIA Y. CASTRO-GONZALEZ
                              405 Lexington Avenue – 26th Floor
                              New York, New York 10174
                              (212) 947-7077

**DEFENDANTS' ADDRESSES:**

GEOVANNY MATAVEGA                    WARRIOR CORPORATION
868 Sampson Street                   (Address Unknown at time of Filing)
Garfield, New Jersey 07026

*2010 JAN 15 PM 5: 24   KINGS COUNTY CLERK RECEIVED*

*G 257*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------x   Index No.:

NIDIA Y. CASTRO-GONZALEZ,

Plaintiff(s),

-against-

GEOVANNY MATAVEGA and WARRIOR CORPORATION,

Defendant(s).

------------------------------------------------------------------x

**VERIFIED
COMPLAINT**

Plaintiff, NIDIA Y. CASTRO-GONZALEZ, by her attorneys, THE LAW OFFICES

OF COSTAS M. ELIADES, P.C. complaining of the defendants, respectfully alleges, upon

information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     That at all of the times hereinafter mentioned, the plaintiff, NIDIA Y.

CASTRO-GONZALEZ, was and still is a resident of the County of Northampton, City of

Bethlehem, and State of Pennsylvania.

2.     That, upon information and belief, at all times herein mentioned, the

defendant, GEOVANNY MATAVEGA, was and still is a resident of the County of Bergen,

City of Garfield, and State of New York.

3.      That, upon information and belief, at all of the times hereinafter mentioned, the defendant, WARRIOR CORPORATION, was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

4.      That, upon information and belief, at all of the times hereinafter mentioned, the defendant, WARRIOR CORPORATION, was and is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5.      That, upon information and belief, at all times herein mentioned, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, was the owner of a motor vehicle bearing Pennsylvania State registration number F528821.

6.      That, upon information and belief, at all times herein mentioned, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, operated and controlled the motor vehicle bearing Pennsylvania State registration number F528821.

7.      That, upon information and belief, at all times herein mentioned, the defendant, GEOVANNY MATAVEGA, was the owner of a motor vehicle bearing New Jersey State registration number AK267M.

8.      That, upon information and belief, at all times herein mentioned, the defendant, WARRIOR CORPORATION, was the owner of a motor vehicle bearing New Jersey State registration number AK267M.

9.    That, upon information and belief, at all times herein mentioned, the defendant, GEOVANNY MATAVEGA, operated and controlled the motor vehicle bearing New Jersey State registration number AK267M.

10.    That, upon information and belief, at all of times hereinafter mentioned, the defendant, GEOVANNY MATAVEGA, operated and controlled the aforesaid motor vehicle bearing New Jersey State registration number AK267M, with the knowledge, permission, and consent of the defendant, WARRIOR CORPORATION.

11.    That at all of the times hereinafter mentioned, and upon information and belief, 51st Street, at or near its intersection with 3rd Avenue, County of Kings, State of New York, was and is a public roadway, highway, and/or thoroughfare used extensively by the public in general.

12.    That on or about the 16th day of January, 2007 at the aforesaid location, the aforesaid motor vehicles came into contact.

13.    That on or about the 16th day of January, 2007 at the aforesaid location, the aforesaid motor vehicles were in a collision and accident.

14.    That as a result of the aforesaid contact, collision, and accident, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, was injured.

15.     That the aforesaid collision and injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff, contributing thereto.

16.     That the defendants were negligent and careless in the ownership, operation, management, control, supervision, and maintenance of their motor vehicle.

17.     That by reason of the foregoing and the negligence of the defendants, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, sustained serious, severe and permanent personal injuries to various parts of his body; became sick, sore, bruised, wounded, lame, and disabled and so remained for a considerable length of time; and suffered, still suffers and will continue to suffer from physical pain and bodily injuries.

18.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

19.     That by reason of the foregoing, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, will necessarily incur similar expenses.

20.     That by reason of the foregoing, the plaintiff, NIDIA Y. CASTRO-GONZALEZ, has been unable to attend to her usual occupation and activities in the manner required.

21.     That this action falls within one or more of the exceptions set forth in Civil Practice Law and Rules § 1602.

22.     That as a result of the defendants' negligence as aforesaid, this plaintiff, NIDIA Y. CASTRO-GONZALEZ, has been injured and damaged in an amount exceeding the jurisdictional limits of all lower Courts, which otherwise would have jurisdiction over this action.

## AS AND FOR A SECOND CAUSE OF ACTION

23.     The plaintiff, NIDIA Y. CASTRO-GONZALEZ, repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "22" inclusive, with the same force and effect as though more fully set forth at length herein.

24.     That by reason of the foregoing, the plaintiff, NIDIA Y. CASTRO-GONZALEZ's vehicle was damaged, thereby necessitating repairs and/or the replacement thereof.

25.     That as a result of the defendants' negligence as aforesaid, plaintiff NIDIA Y. CASTRO-GONZALEZ, sustained property damage in an amount exceeding the

jurisdictional limits of all lower Courts, which otherwise would have jurisdiction over this action.

**WHEREFORE**, plaintiff NIDIA Y. CASTRO-GONZALEZ demands judgment against the defendants in the first cause of action in an amount exceeding the jurisdictional limits of all lower Courts which otherwise would have jurisdiction over this action and demands judgment against the defendants in the second cause of action in an amount exceeding the jurisdictional limits of all lower Courts which otherwise would have jurisdiction over this action, all together with the costs, disbursements, and interest of this action.

Dated: New York, New York
      January 14, 2010

                Yours, Etc.,

                By:    Costas M. Eliades, Esq.
                LAW OFFICES OF COSTAS M. ELIADES, P.C.
                Attorneys for Plaintiff
                NIDIA Y. CASTRO-GONZALEZ
                405 Lexington Avenue – 26th Floor
                New York, New York 10174
                (212) 947-7077

## ATTORNEY'S VERIFICATION

COSTAS M. ELIADES, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalty of perjury:

That I am a member of the firm of the Law Offices of Costas M. Eliades, P.C., the attorney for the plaintiff in the within action and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon my review of the contents of the file maintained by this office.

That I have read the foregoing **SUMMONS and VERIFIED COMPLAINT** and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief; and, as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by the plaintiff is that the plaintiff does not reside within the county in which my office is maintained.

That the grounds for your affirmant's belief as to all matters not stated upon my own knowledge are as follows: facts, investigations, reports, records, and documents contained in plaintiff's file maintained by your affirmant's office.

Dated: New York, New York
      January 14, 2010

COSTAS M. ELIADES, ESQ.

P R E S E N T :

of New York, on the 27th day of MAY 2010

Hon. MARTIN SOLOMON
**Justice**

NIDIA Y. CASTRO-GONZALEZ

Cal. No. 10

**Plaintiff(s)**

Index No. 1407/10

- against -

GEOVANNY MATAVEGA and
WARRIOR CORPORATION,

**Defendant(s)**

| The following papers numbered 1 to    read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

PLAINTIFF'S MOTION BROUGHT VIA ORDER TO SHOW CAUSE IS GRANTED IN ITS ENTIRETY ON DEFAULT, AS FOLLOWS: PLAINTIFF IS GRANTED LEAVE PURSUANT TO CPLR §311(b) TO SERVE DEFENDANT WARRIOR CORPORATION WITH THE SUMMONS AND VERIFIED COMPLAINT IN THIS ACTION BY SERVICE OF PROCESS OF SAME UPON SAID DEFENDANT'S INSURANCE LIABILITY CARRIER, ARI INSURANCE COMPANY. ADDITIONALLY, PURSUANT TO CPLR §306(b), PLAINTIFF IS GRANTED AN EXTENSION OF TIME BEYOND THE 120 DAY PERIOD AFTER THE FILING OF THE S&C TO SERVE SAME UPON ARI INSURANCE COMPANY THEREFORE, IT IS ORDERED THAT SERVICE OF THE SUMMONS AND VERIFIED COMPLAINT BE SERVED UPON ARI INSURANCE COMPANY BY PERSONAL SERVICE AT THEIR OFFICES LOCATED

**For Clerks use only**

MG/D/

MD

Motion Seq. #

AT 133 FRANKLIN CORNER ROAD, LAWRENCEVILLE NJ 08648 ON OR BEFORE JUNE 25, 2010, AND THAT PURSUANT TO THIS ORDER ARI INSURANCE COMPANY MUST ACCEPT SAID SERVICE. SAID SERVICE SHALL BE DEEMED GOOD AND SUFFICIENT SERVICE OF THE SUMMONS + COMPLAINT UPON WARRIOR CORPORATION DEFENDANT,

ENTER

MARTIN M. SOLOMON J.S.C.

EJV-rev 11-04



**ARI**
INSURANCE
COMPANIES

133 Franklin Corner Road
P.O. Box 6757
Lawrenceville, NJ 08648-0757
609.882.7500 • Fax: 609.882.4088

June 29, 2010

Galvano & Xanthakis, P.C.
150 Broadway Suite 2100
New York, New York 10038
Attention:  Steven Granville

Re:     Insured          Warrior Corporation
        Claimant:        Nidia Castro-Gonzalez
        Our Claim#:      12549
        Your File#:      6257 & 6257-B
        Dol:             01/16/07

Dear Mr. Granville:

I have enclosed an additional summons and complaint that was served on ARI
Mutual Insurance Company.

Very truly yours,

Beverly C Riley
Claim Case Manager
609 882 7500 Ext 121

JUL 1 - 2010

6257 SR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------X
NIDIA Y. CASTRO-GONZALEZ,                      Index No.: 1407/10

               Plaintiff,

     -against-                            **ANSWER**

GEOVANNY MATAVEGA and WARRIOR
CORPORATION,

              Defendants.
------------------------------------X

    Defendant, GEOVANNY MATAVEGA and WARRIOR CORPORATION, by her attorneys, GALVANO & XANTHAKIS, P.C., answering the complaint of plaintiff respectfully states and alleges as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

    1.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint numbered "1," "2," "4," "5," "6," and "11."

    2.  Defendants deny each and every allegation contained in the paragraphs of the complaint numbered "3," "7," "8," "9," "10," "12," "13," "14," "15," "16," "17," "18," "19," "20," "21," and "22."

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

    3.  Defendants repeat, reiterate and reallege each and every answer contained in the above paragraphs numbered "23."

    4.  Defendants deny each and every allegation contained in the paragraphs of the complaint numbered "24," and "25."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.    That all risks and dangers connected with the situation at the time and place mentioned in the complaint were open, obvious and apparent and were known to and assumed by the plaintiff(s) herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.    Any injuries and/or damages sustained by plaintiff(s) as alleged in the complaint herein were caused in whole or in part by the negligence and/or culpable conduct of the plaintiff(s) and not as a result of any negligence and/or culpable conduct on the part of this (these) answering defendant(s).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.    Plaintiff(s) are barred from recovering from this (these) defendant(s) in that any negligence which may have occurred, which is specifically denied, was as the result of actions of third parties over whom this (these) defendant(s) had no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.    This action falls within the limited liability provisions of Article 16 of the Civil Practice Law and Rules, and the defendant(s) liability, if any, shall be limited to its equitable share as provided for in that Article.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.    It is hereby alleged that the plaintiff(s) received

renumeration and/or compensation or some or all of his/her claimed economic loss and that the defendant(s) is (are) entitled to have plaintiff's(s') award, if any, reduced by the amount of that renumeration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.  If any injuries or damages sustained by the plaintiffs were caused in whole or in part by the plaintiffs' own failure to use an available seatbelt, then the plaintiffs cannot recover damages for those injuries which the use of a seatbelt would have obviated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.  The plaintiff(s) has(have) failed to sustain a serious injury as defined by the New York State Insurance Law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

12.  Plaintiff's claims are barred by the Doctrine of Res Judicata.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.  Plaintiff's claims are barred by the Doctrine of Collateral Estoppel.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

14.  The complaint fails to state a cause of action against this(these) defendant(s).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.   The cause(s) of action set forth in the complaint did not occur within two (2) years before the commencement of this action and that said action(s) is(are) barred by the applicable Statute of Limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16.   The complaint fails to state a cause of action against this defendant in that plaintiff's claims against this defendant are barred by Federal Statute, 49 USCA § 30106, also known as the "Graves Amendment."

WHEREFORE, defendants demand that the complaint be dismissed and that defendants be awarded costs and disbursements of the action.

Dated:   New York, New York
         June 9, 2010

                                   Yours, etc.,
                                   **GALVANO & XANTHAKIS, P.C.**
                                   Attorneys for Defendants
                                   150 Broadway, Suite 2100
                                   New York, New York 10038
                                   (212) 349-5150

                          By:   _____
                                   Steven F. Granville

TO:   Costas M. Eliades, Esq.
      Law Offices of Costas M. Eliades, P.C.
      Attorney For Plaintiff
      Nidia Y. Castro-Gonzalez
      405 Lexington Avenue, 26th Floor
      New York, NY 10174
      (212) 947-7077

<u>ATTORNEY'S VERIFICATION</u>

The undersigned, an attorney, duly admitted to practice law before the Courts of the State of New York, says:

That deponent is the attorney of record for the defendants in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true. Deponent further says that the reason this verification is made by deponent and not by the defendants is that defendants reside and maintain their offices in a county other than that in which deponent maintains his offices.

The grounds for deponent's belief as to all matters not stated upon his knowledge are investigations which he has made or has caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true.

Dated:    New York, New York
          June 9, 2010

_____
          Steven F. Granville

## AFFIDAVIT OF SERVICE

Joel Soto being duly sworn, deposes and says, that deponent is not a party to this action, is over 18 years of age, and resides at 209 Jefferson Street, Staten Island, New York; that on the 10th day of June 2010, deponent served the within **ANSWER, NOTICE TO TAKE DEPOSITION, DEMAND FOR TOTAL DAMAGES CLAIMED, DEMAND FOR BILL OF PARTICULARS AND COMBINED DISCOVERY DEMANDS** upon:

Costas M. Eliades, Esq.
Law Offices of Costas M. Eliades, P.C.
Attorney fro Plaintiff
405 Lexington Avenue, 26th Floor
New York, NY 10174


addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Joel Soto

Sworn to before me this
10th day of June 2010

_____
Notary Public


TIMMERY P. DAVIS
NOTARY PUBLIC, STATE OF NEW YORK
NO: 02DA6214502
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES DECEMBER 7, 2012

GALVANO & XANTHAKIS, P.C. 

| Index No.   1407/10 | Year 20 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------X

NIDIA Y. CASTRO-GONZALEZ,

                Plaintiff,

      -against-

GEOVANNY MATAVEGA and WARRIOR
CORPORATION,

             Defendants.

----------------------------------------X

**ANSWER**

## GALVANO & XANTHAKIS, P.C.

Attorney(s) for

Office and Post Office Address

**150 BROADWAY
SUITE 2100
NEW YORK, NEW YORK 10038
(212) 349-5150**

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                20

☐ *NOTICE OF SETTLEMENT*

that an order                   of which the within is a true copy will be presented for
settlement to the HON.                         one of the judges

of the within named Court, at
on the          day of              20     at       M.

Dated,

Yours, etc.
## GALVANO & XANTHAKIS, P.C.

Attorney(s) for

Office and Post Office Address

**150 BROADWAY
SUITE 2100
NEW YORK, NEW YORK 10038
(212) 349-5150**

**To**

**Attorney(s) for**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x     Index No.:   1407/10
NIDIA Y. CASTRO-GONZALEZ,

                       Plaintiff(s),                    **VERIFIED BILL OF**
                                                       **PARTICULARS**

     -against-

GEOVANNY MATAVEGA and WARRIOR CORPORATION,

                       Defendant(s).
-------------------------------------------------------------------------x

Plaintiff, NIDIA Y. CASTRO-GONZALEZ, by her attorneys, THE LAW OFFICES OF

COSTAS M. ELIADES, P.C., as and for a Verified Bill of Particulars, in response to the demand of the

defendants, GEOVANNY MATAVEGA and WARRIOR CORPORATION, alleges as follows:

    1.     Plaintiff's Address:    148 Penn Estates
                                        East Stroudsburg, PA 18301

              Date of Birth:          November 21, 1957

              Social Security #:     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

    2.     The accident occurred on January 16, 2007, at approximately 10:00 a.m.

    3.     The accident occurred on 3rd Avenue, at or near its intersection with 51st Street, County

of Kings, State of New York.

    4.     Objection, as this is a palpably improper demand for a Bill of Particulars.

Notwithstanding the foregoing objection and without waiving same, the accident occurred when

6257

defendants' tractor trailer vehicle was negligently making a left turn from 3rd Avenue onto 51st Street and struck plaintiff's motor vehicle.

5.      See Response to No. 4 above and No. 6 below.

6.      That the defendants herein were negligent, careless, and/or reckless, in failing to keep their tractor trailer motor vehicle under proper ownership, management, maintenance, repair, service, inspection, operation and control; in failing to keep their tractor trailer motor vehicle under careful, lawful, and proper control; in failing to operate their tractor trailer motor vehicle in a safe and proper manner; in failing to operate their tractor trailer motor vehicle with that degree of care and caution necessary under the circumstances; in failing to observe the conditions of the roadway prevailing at the time and place of the aforesaid occurrence; in failing to see that in the roadway which should have been seen; in failing to observe the road and the presence of other motor vehicles lawfully on the roadway, and in particular, plaintiff's motor vehicle; in failing to keep their tractor trailer motor vehicle at a reasonable and sufficient distance away from other motor vehicle so as to bring their tractor trailer motor vehicle to a stop in sufficient time to avoid the occurrence complained of and the striking of plaintiff's motor vehicle; in failing to observe the plaintiff's motor vehicle in sufficient time so as to avoid the aforesaid occurrence; in failing to make adequate, proper, and timely use of the brakes of their tractor trailer motor vehicle; in operating their tractor trailer motor vehicle at an excessive rate of speed inconsistent with the exercise of reasonable and due care under the conditions and circumstances existing immediately prior to and at the time of the occurrence; in making improper, unsafe, and unlawful steering maneuvers; in making improper, unsafe, and unlawful turns; in making an improper, unsafe, and unlawful left turn; in failing to give any notice, signal, or warning of their approach; in

2

failing to yield the right of way to plaintiff's motor vehicle and striking the plaintiff's motor vehicle; in failing to yield the right of way and obey and comply with the applicable rules of the road; in failing to obey the traffic signs, controls, and signals existing therein; in failing to observe that which was there to be seen, and specifically plaintiff's motor vehicle in the roadway; in violating all applicable laws, statutes, rules, regulations, codes, and ordinances, then and there existing at the time and place of the aforesaid occurrence; and in failing to take the necessary and requisite steps and/or actions to prevent and avoid the accident.

The aforesaid occurrence and the results thereof, were in no way due to any negligence on the part of the plaintiff(s) herein, but were caused solely and wholly by the negligence of the defendants.

7.      See Response to Nos. 4 and 6 above.

8.      Actual and/or Constructive Notice are Not Applicable as this action involves a motor vehicle accident.

9.      See Response to No. 8 above.

10.     See Response to No. 8 above.

11.     As a result of this occurrence, the plaintiff, **NIDIA Y. CASTRO-GONZALEZ**, sustained the following serious personal injuries:

- **Cervical Spine:**
  - Cervical discs dysfunction;

LAW OFFICES OF COSTAS M. ELIADES, P.C. • 405 LEXINGTON AVENUE • 26TH FLOOR • NEW YORK, NEW YORK 10174 • (212) 947-7077

- Cervical paraspinal muscle and ligament sprains, strains and spasms;

- Cervical radiculopathy and myofascitis;

- Cervical subluxations and derangement;

- Straightening of Cervical Lordosis

- Administration of epidural steroid injections to Cervical Spine;

- **Lumbar Spine:**

  - Lumbar discs dysfunction;

  - Lumbar radiculopathy and myofascitis;

  - Lumbosacral paraspinal muscle and ligament sprains, strains and spasms;

  - Lumbar subluxations and derangement;

  - Straight Leg Raise Test was positive.

  - Loss of normal lumbar lordosis;

  - Administration of epidural steroid injections to Cervical Spine;

- **Thoracic Spine:**

  - Thoracic discs dysfunction;
  - Thoracic paraspinal muscle and ligament sprains, strains, and spasms

  - Thoracic spine derangement and myofascitis;

- **Left Ear:**

  - Peripheral Vestibular Dysfunction, confirmed by Videonystagmography;

  - Abnormal Dix/Hallpike test on the geotropic torsional nystagmus after no latency suggestive of cupulolithiasis on the posterior semicircular canal, confirmed by Videonystagmography;

4

- **Right Wrist:**

  o  Carpal Tunnel Syndrome, confirmed by EMG Study;

  o  Neuropathy, confirmed by EMG Study.

- **Left Wrist:**

  o  Carpal Tunnel Syndrome, confirmed by EMG Study;

  o  Neuropathy, confirmed by EMG Study.

- **Right Shoulder:**

  o  Rotator cuff tendinitis;

  o  Impingement syndrome;

  o  Internal derangement;

- **Head:**

  o  Cerebral concussion with post concussion syndrome;

  o  Headaches, head pains, dizziness, nausea, and vertigo;

- **Nerve damage** associated with injuries to head, cervical spine, thoracic spine, lumbar spine, right shoulder, right wrist, left wrist, and left ear;

- **Blunt trauma** to head, cervical spine, thoracic spine, lumbar spine, right shoulder, right wrist, left wrist, and left ear;

- **Pain, bruising, contusions, tenderness, and swelling** of the head, cervical spine, thoracic spine, lumbar spine, right shoulder, right wrist, left wrist, and left ear;

- **Loss of use, motion, flexion, and function** of the head, cervical spine, thoracic spine, lumbar spine, right shoulder, right wrist, left wrist, and left ear;

- **Scarring of** head, cervical spine, thoracic spine, lumbar spine, right shoulder, right wrist, left wrist, and left ear;

LAW OFFICES OF COSTAS M. ELIADES, P.C. • 405 LEXINGTON AVENUE • 26TH FLOOR • NEW YORK, NEW YORK 10174 • (212) 947-7077

- In order to negate needless duplication, the plaintiff NIDIA Y. CASTRO-GONZALEZ incorporates by reference the hospital records, medical records, physician's reports, operative reports and diagnostic examination reports and films, served in conjunction with the medical exchange rules insofar as the contents thereof are admissible in evidence at the trial of this action.

The foregoing injuries and conditions were caused and/or precipitated and/or accelerated and/or aggravated and/or exacerbated by the traumatic event resulting from the accident herein.

Upon information and belief, plaintiff NIDIA Y. CASTRO-GONZALEZ's injuries are continuing in nature and said plaintiff respectfully reserves the right to supplement this section of the Bill of Particulars to allege other and further injuries if and when same become known from medical records or reports indicating further injuries not included in the foregoing response.

12.     All of the aforementioned injuries are permanent in nature and effect.  The injuries stated above have directly and indirectly adversely affected the bones, tendons, tissues, muscles, ligaments, cartilages, nerves, blood vessels, blood supply, and soft tissues in and about the sites of the above described areas of injury, including the central nervous system, digestive system, muscular system, and skeletal system and have caused plaintiff to suffer a severe shock to his nervous system.  The plaintiff NIDIA Y. CASTRO-GONZALEZ has required, continues to require, and will require for an indefinite period of future duration, repeated continuous medical care and monitoring, utilization of medical support, equipment, medication, confinement, and various modalities of therapy.

The plaintiff NIDIA Y. CASTRO-GONZALEZ has been caused to sustain permanent and persistent pain, tenderness, swelling, limitation of motion and impairment of function in and about the sites of the above described areas of injury, from the date of the accident to present and has been relegated to a life without the normal use and function of the affected areas and may permanently require medical, surgical, and/or neurological care and attention.

6

The injuries, manifestations, and sequella are permanent and chronic. Additionally, with advancing years there will be naturally and medically related complications and exacerbations, including but not limited to arthritis. There will be further psychological and somatic overlay with resultant disabilities. Upon information and belief, there will also be physical and psychosomatic degeneration resulting from the continuation of the underlying conditions, the manifestations and sequella.

The plaintiff NIDIA Y. CASTRO-GONZALEZ will introduce upon the trial herein, testimony and proof in conjunction with all the injuries, conditions, manifestations, sequella, and residuals which will be permanent to the extent medically ascertainable at the time of trial and the infant plaintiff NIDIA Y. CASTRO-GONZALEZ reserves the right to adduce proof with respect thereto at the time of trial.

13.     Not Applicable.

14.     The plaintiff, NIDIA Y. CASTRO-GONZALEZ, was confined to her bed for approximately one (1) year subsequent to the date of the accident and intermittently thereafter and continuing.

15.     The plaintiff, NIDIA Y. CASTRO-GONZALEZ, was confined to her home for approximately one (1) year subsequent to the date of the accident and intermittently thereafter and continuing.

16.     The plaintiff, NIDIA Y. CASTRO-GONZALEZ, was confined to Lutheran Medical Hospital on the date of the subject accident.

LAW OFFICES OF COSTAS M. ELIADES, P.C. • 405 LEXINGTON AVENUE • 26TH FLOOR • NEW YORK, NEW YORK 10174 • (212) 947-7077

17.     See Response to No. 16 above.   Additionally, further information with respect to any additional hospital treatment is To Be Provided.

18.     See Response to No. 11 above.

19.     At the time of the subject accident, the plaintiff, NIDIA Y. CASTRO-GONZALEZ was self-employed as the owner of Lords and Nid's Check Cashing Services Inc., located at 25-59 Steinway Street, Astoria, New York 11103.   Said plaintiff's annual earnings at the time of the accident was approximately $75,000.00 (Seventy Five Thousand Dollars).

20.     Plaintiff, NIDIA Y. CASTRO-GONZALEZ, has been totally disabled from the time of the accident up to and including the present time and will continue to be for an indefinite period of future duration.

21.     See Response to No. 20 above.

22.     The plaintiff, NIDIA Y. CASTRO-GONZALEZ, sustained the following special damages:

| | | |
|---|---|---|
| a. | Physicians' services | approx. $ 60,000.00 to date |
| b. | Medical supplies | approx. $ 15,000.00 to date |
| c. | Loss of earnings | To Be Provided |
| d. | Hospital expenses | approx. $ 15,000.00 to date |
| e. | X-rays | included in (a) and (d) |
| f. | Nurses services | included in (a) and (d) |

g.    All other items of special damage          To Be Provided, if applicable

23.    Objection to this demand as the Complaint does not state any specific sums demanded in compliance with CPLR § 3017(c).  Notwithstanding the foregoing Objection and without waiving same, plaintiff(s) seeks damages in an amount exceeding the jurisdictional limits of all lower Courts, which otherwise would have jurisdiction over this action.

24.    To Be Provided, if applicable.

25.    Objection, this is an improper demand.  Notwithstanding the foregoing Objection and without waiving same, such information is To Be Provided by the plaintiff at her deposition.

26.    To Be Provided.

27.    Not Applicable.

28.    See Response to No. 1 above.

29.    Defendants violated each and every applicable law, ordinance, regulation, statute, and code, then and there in effect and existing at the place and time of the subject occurrence, including, but not limited to, New York State Vehicle and Traffic Law Sections 509, 1100, 1101, 1102, 1104, 1110, 1111, 1112, 1113, 1116, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1131, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1151, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1170,

1172, 1173, 1174, 1175, 1180, 1181, 1182, 1190, and 1192; and corresponding sections of the New York City Traffic Regulations.

In addition, plaintiff(s) will ask the Court at the time of trial of this action to take judicial notice of each and every applicable law, statute, rule, regulation, code, and ordinance violated by the defendants herein.  Those additional laws, statutes, rules, regulations, codes and ordinances violated by the defendants herein are left to be determined by the Trial Court and will be judicially noted at the time of trial.  See Souveran Fabrics Corp. v. Virginia Fibre Corporation, 32 A.D.2d 753, 301 N.Y.S.2d 273 (1st Dept. 1969); Kirkeby-Natus Corporation v. Gevinson, 33 A.D.2d 883, 307 N.Y.S.2d 586 (4th Dept. 1969); Meyer v. Triboro Coach Corporation, 66 N.Y.S.2d 494 (Queens County, 1946).

30.     Objection.  This demand is vague and unclear as to what "services" it refers to.

31.     Not Applicable.

32.     Not Applicable.

**Plaintiff hereby reserves her right to supplement her responses herein, up to and including the time of trial in accordance with the applicable provisions of the CPLR.**

10

Dated: New York, New York
      December 29, 2010

                                  Yours, Etc.,

                                  _____

                                  Costas M. Eliades, Esq.
                                  THE LAW OFFICES OF
                                  COSTAS M. ELIADES, P.C.
                                  Attorneys for Plaintiff(s)
                                  NIDIA Y. CASTRO-GONZALEZ
                                  405 Lexington Avenue – 26th Floor
                                  New York, New York 10118
                                  (212) 947-7077

TO:    GALVANO & XANTHAKIS, P.C.
        Attorneys for Defendant(s)
        GEOVANNY MATAVEGA and
        WARRIOR CORPORATION
        150 Broadway – Suite 2100
        New York, New York 10038
        (212) 349-5150

## ATTORNEY'S VERIFICATION

COSTAS M. ELIADES, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalty of perjury:

That I am a member of the firm of the Law Offices of Costas M. Eliades, P.C., the attorney for the plaintiff(s) in the within action and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon my review of the contents of the file maintained by this office.

That I have read the foregoing **VERIFIED BILL OF PARTICULARS** and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief; and, as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by the plaintiff(s) is that the plaintiff(s) does not reside within the county in which my office is maintained.

That the grounds for your affirmant's belief as to all matters not stated upon my own knowledge are as follows: facts, investigations, reports, records, and documents contained in plaintiff's file maintained by your affirmant's office.

Dated: New York, New York
      December 29, 2010

                                      COSTAS M. ELIADES, ESQ.

12

## **AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK        }
                         }ss:
COUNTY OF NEW YORK  }

EVANGELINA EXARHOULIAS, being duly sworn, deposes, and says:

I am not a party to the within action, am over the age of eighteen (18) years of age and reside in the County of Queens, City and State of New York.

On December 29, 2010, I served a true copy of the annexed **VERIFIED BILL OF PARTICULARS** in the following manner:

By mailing same in a sealed envelope with postage prepaid thereon, in a post office of official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    GALVANO & XANTHAKIS, P.C.
       150 Broadway – Suite 2100
       New York, New York 10038

EVANGELINA EXARHOULIAS

Sworn to before me on the
29th day of December, 2010

_____
Notary Public

Costas Eliades
Notary Public, State of New York
No. 02EL6005474
Certified in Queens County
Commission Expires 4/13/20

13

### AFFIDAVIT OF SERVICE

Joel Soto being duly sworn, deposes and says, that deponent is not a party to this action, is over 18 years of age, and resides at 209 Jefferson Street, Staten Island, New York; that on the 6th day of January 2011, deponent served the within **NOTICE OF REMOVAL** upon:

Costas M. Eliades, Esq.
Law Offices of Costas M. Eliades, P.C.
Attorney for Plaintiff
405 Lexington Avenue, 26th Floor
New York, NY 10174

addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Joel Soto

Sworn to before me this
6th day of January 2011

_____
Notary Public

VANESSA RAGGI
COMMISSIONER OF DEEDS, CITY OF NEW YORK
NO. 5-1681
CERT. FILED IN NEW YORK COUNTY
COMMISSION EXPIRES APRIL 1, 201_